OPINION
Defendant-appellant, Chad M. Maser, appeals from the September 24, 1999 judgment entry of the Franklin County Court of Common Pleas resentencing appellant to five three-year consecutive terms of imprisonment as a result of appellant's guilty plea to five counts of gross sexual imposition. Appellant contends that the imposition of consecutive sentences was unlawful. We disagree and affirm.
On March 31, 1998, appellant pleaded guilty to five separate counts of gross sexual imposition, in violation of R.C.2907.05. All counts alleged that appellant had sexual contact with the eleven-year-old daughter of appellant's live-in fiancé. By judgment entry filed May 19, 1998, the trial court imposed consecutive sentences of three years on each count and, pursuant to R.C. 2950.09, found appellant to be a sexual predator.
Appellant appealed. By opinion rendered April 20, 1999, this court affirmed the trial court's finding that appellant is a sexual predator. This court, however, reversed and remanded for resentencing because the trial court failed to make the necessary findings for imposition of consecutive sentences as required under R.C. 2929.14. See State v. Maser (Apr. 20, 1999), Franklin App. No. 98AP-689, unreported. In particular, this court found that, while the trial court made findings under R.C. 2929.14(E)(4)(b) and (c) (i.e., that the harm was so great or unusual that no single term of imprisonment adequately reflects the seriousness of appellant's conduct and that appellant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime), the trial court failed to make the findings required under the unlettered provisions of R.C.2929.14(E)(4) (i.e., that consecutive sentences are necessary to protect the public from future crime or to punish appellant and that consecutive sentences are not disproportionate to the seriousness of appellant's conduct and to the danger appellant poses to the public).
On remand, the trial court held a resentencing hearing on September 15, 1999. At the hearing, the trial court heard testimony from the detective on appellant's case, the victim, the victim's mother, and a psychologist retained by appellant. By judgment entry filed September 24, 1999, the trial court again sentenced appellant to five consecutive three-year terms of imprisonment. In so doing, the trial court specifically found that: (1) consecutive sentences were necessary to protect the public from future crime and to punish appellant; (2) consecutive sentences were not disproportionate to the seriousness of appellant's conduct and danger appellant poses to the public; (3) the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses would reflect the seriousness of appellant's conduct; and (4) appellant's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime by appellant.
It is from this judgment entry that appellant appeals, raising the following single assignment of error:
 THE TRIAL COURT ERRED AND IMPOSED CONSECUTIVE SENTENCES IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION NINE OF THE OHIO CONSTITUTION AND OHIO REVISED CODE SECTIONS 2929.11, 2929.12 AND 2929.14.
Unless a specific sanction is required to be imposed or is precluded from being imposed by law, a trial court has the discretion to impose any sanction or combination of sanctions on an offender if such sanctions are allowed by law. R.C.2929.13(A). Likewise, "[s]o long as the trial court makes the necessary findings, the decision to impose consecutive sentences is a matter committed to the trial court's sentencing discretion."State v. Haines (Oct. 29, 1998), Franklin App. No. 98AP-195, unreported. Here, appellant contends that the record does not support the findings required under R.C. 2929.14(E) necessary to impose consecutive sentences. We disagree.
First, the record supports the trial court's determination under unlettered provisions of R.C. 2929.14(E) that consecutive sentences are necessary to punish appellant and/or to protect the public from future crime and that consecutive sentences are not disproportionate to the seriousness of appellant's conduct or the danger appellant poses to the public. Appellant has an extensive juvenile and adult criminal record. As a juvenile, he was convicted of attempted assault, resisting arrest, and drug abuse. As an adult, he was convicted of fleeing a police officer, driving under the influence, theft of a motor vehicle, and criminal trespass.
Further, the nature of the underlying offenses to which appellant pleaded guilty in this case were particularly serious. The victim was eleven years old at the time of the offenses, appellant had lived in the same house as the victim for one and one-half years in a quasi-parental role, and the offenses occurred over a two-month period. The record also indicates that appellant's specific conduct included masturbating in front of the victim, digitally penetrating the victim's vagina, and placing his penis in the victim's mouth.
Second, the record supports the trial court's determination under R.C. 2929.14(E)(4)(b) that the harm caused by appellant's conduct was great. While the psychologist retained by appellant testified that he believed that the victim would make a full recovery and that there was a low probability of long-term psychological damage, he further testified that the victim suffered serious psychological harm from appellant's conduct. The harm resulting from an offender's conduct need not be long term and/or permanent to support a finding of great harm under R.C. 2929.14(E)(4)(b).
Third, the record supports the trial court's determination under R.C. 2929.14(E)(4)(c) that appellant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. As noted above, appellant has an extensive criminal record, especially considering his age of twenty-five.
Finally, appellant argues that certain remarks by the trial court during the resentencing hearing suggest that the trial court was, in part, basing its sentence on appellant's HIV positive status. In context, however, the remarks reflect the trial court's concern for the possible consequences appellant's HIV status may have on the victim in the future. Nothing in the trial court's ruling on the record or in its judgment entry indicates that appellant's HIV status affected its decision on sentencing.
In sum, the trial court did not abuse its discretion in imposing consecutive sentences in this case. Appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
TYACK and PETREE, JJ., concur.